or pay such taxes in any order it chose. The questions presented by this part of the prayer for relief were discussed in the case of Ranger v. New Orleans [Case No. 11,564], and a result reached adverse to granting the relief prayed. The injunction allowed pendente lite will be made perpetual. All other relief prayed for must be refused.

---

MAFFET (CAMBIOSO v.).  See Case No. 2,-330.

MAGAURAN (COWAN v.).  See Case No. 3,-292.

McGAVICK (PICKETT v.).  See Case No. 11,126.

MAGDALENE, The.  See Case No. 2,056.

---

## Case No. 8,941.

In re MAGEE.

[1 Wkly. Notes Cas. 21.]

District Court, E. D. Pennsylvania.  Oct. 7; 1874.

BANKRUPTCY—PRACTICE—APPLICATION TO ANNUL ADJUDICATION.

Application [by George R. Magee] to annul adjudication, all known creditors having assented thereto in writing, and no warrant having issued.

THE COURT ordered the vacation of the order of adjudication, upon proof of assent of all known creditors, and publication of the notice of the application for annulment.

---

## Case No. 8,942.

MAGEE v. CALLAN et al.

[4 Cranch, C. C. 251.] [1]

Circuit Court, District of Columbia.  Nov. Term, 1832.

BAIL—CIVIL ACTION—JOINT AND SEPARATE—BAIL FOR ONE—AFFIDAVIT.

1. Upon attachment of the goods and effects of both and each of two joint debtors, bail must be given for both, to release the joint and separate effects.

2. Bail will not be received for one only to discharge his separate goods.

3. The court will not, upon affidavit. decide whether the effects attached are the joint or several property of the defendants.

This was an action at law by Peter Magee against James Callan and Andrew Clements.]

Attachment on warrant, under the Maryland act of 1795, c. 56, of the joint and separate effects of the defendants, for a joint debt; laid in the hands of the Chesapeake & Ohio Canal Company as garnishees.

Mr. Marbury, for Clements, one of the defendants, offered bail and an appearance for him, to discharge his separate effects.

C. Cox demanded bail for both defendants;

for bail for one would discharge the joint as well as separate property attached.

THE COURT (MORSELL, Circuit Judge, contrà, or at least doubting,) refused to permit one of the defendants to appear and give bail, unless bail and appearance be entered for both. The joint effects are attached to compel the appearance of both; and ought not to be given up without the appearance of both; and the defendants cannot be permitted to appear without good bail.

On the next day, Mr. Marbury offered an ex parte affidavit of Mr. J. P. Ingle, the clerk of the canal company, that the company had no joint effects of the defendants in their hands, but had the separate effects of each; and moved again to appear and give bail for Clements alone, so as to discharge his separate effects, and contended that he had a right, in this manner, to show that no joint effects were attached; and that, in an attachment against a partner for his separate debt, his share or interest in the joint effects may be attached. Campbell v. Morris, 3 Har. & McH. 553, and Wallace v. Patterson, 2 Har. & McH. 463.

THE COURT, however (MORSELL. Circuit Judge, absent). said that the affidavit of Mr. Ingle could not be received as sufficient evidence to the court, in this stage of the cause, that the effects in the hands of the canal company are not joint effects. The plaintiff had a right to have that question tried, either upon interrogatories, or by a jury, upon the issue of nulla bona; and this court could not, in this manner. deprive him of that right.

Bail was then given for both, and the attachment dissolved.

---

## Case No. 8,943.

MAGEE v. DENTON et al.

[5 Blatchf. 130.] [1]

Circuit Court, N. D. New York.  Jan. 7. 1863.

TAXATION—INCOME—DIVIDENDS—ILLEGAL ASSESS-MENT—REMEDY.

1. Under the internal revenue act of July 1st, 1862 (12 Stat. 432), when a dividend has been declared by an incorporated company, and become payable. its amount is to be regarded as forming part of the taxable income of the stockholders of the company. even though they do not call for and receive the dividend.

2. If an assessment of income tax under that act is not made in legal form. the remedy of the person aggrieved is at law, and not in equity.

3. If such assessment is made in legal form, the party aggrieved must pursue the remedy provided by section 93 of the act. before he can resort to a court of equity for relief.

This was an application for a provisional injunction, to restrain the defendant [Seymour F.] Denton, as a collector of internal revenue, from collecting $1,500 of the income tax assessed against the plaintiff [John Magee] un-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]